UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC JAMES VANEMMERIK,<br><br>Defendant. | 4:16-CR-40130-01-KES<br><br><br>ORDER DENYING MOTION FOR RELIEF UNDER THE FIRST STEP ACT |

Defendant, Eric VanEmmerik, moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 61. Plaintiff, the United States of America, opposes the motion. Docket 70. For the following reasons, the court denies defendant's motion for compassionate release.

## BACKGROUND

On December 11, 2017, VanEmmerik pleaded guilty to distribution and receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A), 2252A(b)(l), and 2256(8). Dockets 33, 35. On March 15, 2018, the court sentenced VanEmmerik to 97 months in custody followed by 5 years of supervised release. Docket 53; Docket 54 at 2-3. VanEmmerik is eligible for home confinement on April 22, 2024, and his current anticipated release date is October 22, 2024. Docket 63 at 230.

VanEmmerik is incarcerated at Federal Correctional Institution (FCI) Sandstone in Sandstone, Minnesota. *Id.* at 233. As of October 28, 2020, there are currently 0 active COVID-19 cases among FCI Sandstone's inmates, 0 active cases among the facility's staff, 0 deaths from COVID-19, and 182

inmates have recovered from COVID-19. *See BOP: COVID-19 Update*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited on Nov. 2, 2020).

VanEmmerik is 49 years old. Docket 63 at 2. His chronic medical conditions include hypertension, obesity, sleep apnea, and Factor 5 Leiden (blood clotting disorder). Docket 61 at 2; Docket 63 at 23, 64, 172. VanEmmerik is taking medication to treat his hypertension. Docket 63 at 16, 211.

VanEmmerik is 227 pounds and 68 inches tall. *Id.* at 51, 171. Based on his weight and height, his body mass index (BMI) is 36.6. *Adult BMI Calculator*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html (last visited on Oct. 28, 2020). According to medical records provided by the Bureau of Prisons, his BMI was last calculated in June of 2020 and was 34.6. Docket 63 at 172.

On August 16, 2020, VanEmmerik completed an Inmate Request to Staff form, requesting that he be considered for home confinement due to COVID-19. Docket 65 at 1-2. On September 1, 2020, VanEmmerik's request was received by the facility's warden. *Id.* at 1. The warden denied VanEmmerik's request on September 8, 2020. *Id.* at 3.

On September 10, 2020, VanEmmerik filed a pro se motion with the court for relief under the First Step Act. Docket 61. VanEmmerik's counsel subsequently filed a supplement to his pro se motion. Docket 68.

## DISCUSSION

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). In 2018, Congress passed the First Step Act (FSA). Pub. L. No. 115-391, 132 Stat. 5194 (2018). In pertinent part, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit inmates in specified circumstances to file motions in the court where they were convicted seeking compassionate release. § 603. Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A)(i). Such a sentence must comply with the 18 U.S.C. § 3553(a) sentencing factors and "applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement, which was adopted before the FSA, requires both "extraordinary and compelling reasons" and that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13(1) (U.S. Sentencing Comm. 2018). The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

VanEmmerik argues that the risk posed by the global COVID-19 pandemic together with his adverse health conditions satisfies the "extraordinary and compelling reasons" standard under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 68 at 1, 8-13. VanEmmerik requests a sentence of time served and, if deemed necessary by the court, a period of home confinement as

3

a condition of supervised release. *Id.* at 1.

I.   **Administrative Exhaustion**

Previously, only the BOP Director possessed the authority to bring a compassionate release motion on a defendant's behalf. With the enactment of the FSA, however, Congress has now permitted courts to grant compassionate release on motions filed by defendants "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).

VanEmmerik submitted a request for home confinement on August 16, 2020. The warden received the request on September 1, 2020. The 30-day period expired on October 1, 2020. Given that the 30-day waiting period required by 18 U.S.C. § 3582(c)(1)(A) has lapsed, VanEmmerik's motion is ripe for review on the merits.

II.   **Extraordinary and Compelling Reasons**

Section 3582(c)(1)(A)(i) provides that the sentencing court may grant compassionate release based on "extraordinary and compelling reasons[.]" Congress did not define what constitutes "extraordinary and compelling." *See* 28 U.S.C. § 994(t). Rather, the Sentencing Commission was directed to promulgate "the criteria to be applied and a list of specific" extraordinary and compelling examples. *Id.* Prior to Congress passing the FSA, the Sentencing Commission limited "extraordinary and compelling reasons" to four scenarios.

4

U.S.S.G. § 1B1.13 cmt. n.1(A)-(C). The four scenarios pertain to a defendant's (1) terminal illness, (2) debilitating physical or mental health condition, (3) advanced age and deteriorating health in combination with the amount of time served, and (4) compelling family circumstances. *Id.* Additionally, there is a fifth catch-all category for an "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)" as determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13 cmt. n.1(D).

After the FSA was passed, the Sentencing Commission did not update its policy statement because the Sentencing Commission has not had a quorum. *See United States v. Beck*, 425 F. Supp. 3d 573, 579 n.7 (M.D.N.C. 2019) ("As the Sentencing Commission lacks a quorum to amend the U.S. Sentencing Guidelines, it seems unlikely there will be a policy statement applicable to [compassionate-release] motions brought by defendants in the near future."). As a result, district courts are left to determine whether the policy statement of the Sentencing Commission that was in existence when the FSA was passed still applies. *See United States v. Rodd*, 2019 WL 5623973, at *3 (D. Minn. Oct. 31, 2019); *United States v. Brown*, 2020 WL 2091802, at *5-6 (S.D. Iowa Apr. 29, 2020). It is clear that Congress wishes to "[i]ncreas[e] the [u]se . . . of [c]ompassionate [r]elease" by allowing district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission. *See* 132 Stat. at 5239; 18 U.S.C. § 3582(c)(1)(A). But the Commission has not addressed whether the policy statement from the old

5

regime is applicable to the new statute nor has it adopted a new policy statement. Because the First Step Act changed the way a compassionate release motion may be brought, "several district courts have concluded that the discretion vested in the BOP Director under the catch-all provision now belongs coextensively to federal judges." *United States v. Condon*, 2020 WL 2115807, at *3 (D.N.D. May 4, 2020) (citing *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019); *United States v. Beck*, 425 F. Supp. 3d 573, 578-80 (M.D.N.C. 2019); *United States v. Cantu*, 423 F. Supp. 3d 345, 352-53 (S.D. Tex. 2019)); *see also United States v. Rivernider,* 2020 WL 597393, at *3 (D. Conn. Feb. 7, 2020). This uncertainty has not yet been addressed by the Eighth Circuit. *See United States v. Rodd*, 966 F.3d 740, 747 (8th Cir. 2020) ("We need not determine whether the district court erred in adhering to the policy statements in § 1B1.13."); *see also United States v. Frith*, 2020 WL 4229160, at *2 (D.N.D. July 23, 2020).

Assuming that the policy statements continue to apply to compassionate release motions brought under the amended FSA, VanEmmerik has failed to show that his medical conditions rise to extraordinary and compelling circumstances.

VanEmmerik contends that his circumstances warrant relief under the medical conditions category, U.S.S.G. § 1B1.13 comment note 1(A), and the catch-all provision, U.S.S.G. § 1B1.13 comment note 1(D). Docket 68 at 3-13. VanEmmerik argues that his health conditions— hypertension, obesity, sleep apnea, and Factor 5 Leiden—put him at high-risk of severe illness if he

6

contracts COVID-19. *Id.* at 8-12.

COVID-19 appears to pose a particular risk for individuals with certain existing health conditions. People with the following health conditions are at an increased risk of severe illness from COVID-19: cancer, chronic kidney disease, chronic obstructive pulmonary disease, immunocompromised state from organ transplant, obesity (a BMI of 30 or higher), smoking, heart conditions, sickle cell disease, and Type II diabetes. *People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (Oct. 16, 2020). The Centers for Disease Control and Prevention (CDC) also provided a list of medical conditions that *may* put a person at an increased risk of severe illness from COVID-19. *Id.* These medical conditions include asthma (moderate to severe), hypertension or high blood pressure, liver disease, overweight, and several others. *Id.*

The court has reviewed the medical records submitted in this case. VanEmmerik's medical conditions include obesity, hypertension, sleep apnea, and Factor 5 Leiden. The CDC has identified that people who are obese (a BMI of 30 or higher) are at an increased risk of severe illness from COVID-19. With a BMI of 34.6, VanEmmerik is obese. But "the fact that [VanEmmerik] suffers from obesity during the age of the COVID-19 pandemic does not necessarily mean, on its own, that extraordinary and compelling reasons justify the reduction of his sentence." *United States v. Williams*, 2020 WL 4756743, at *5 (E.D. Pa. Aug. 17, 2020); *see also United States v. McAbee*, No. 4:14-CR-40027-

7

KES, 2020 WL 5231439, at *3 (D.S.D. Sept. 2, 2020) (finding defendant with asthma and a BMI of 30.8 or 31.7 did not establish extraordinary and compelling reasons); *United States v. Saenz*, No. 3:10-CR-30027-RAL, 2020 WL 4347273, at *5 (D.S.D. July 29, 2020) (finding defendant with other medical conditions and a BMI between 40 and 44.9 did not establish extraordinary and compelling reasons).

VanEmmerik's hypertension is listed as a medical condition that *might* increase the risk of severe illness from COVID-19. VanEmmerik was prescribed medication for his hypertension, and as of June of 2020, BOP records show that his condition is marked as resolved. Docket 63 at 172. VanEmmerik's other medical conditions—Factor 5 Leiden and sleep apnea—are not listed as a medical condition that might increase or increase the risk of severe illness from COVID-19. VanEmmerik has not identified how hypertension, obesity, sleep apnea, and Factor 5 Leiden prevent him from providing self-care in a correctional facility setting or how they amount to extraordinary and compelling circumstances.

While some of these chronic conditions may put VanEmmerik at a higher risk of severe illness if he contracts COVID-19, that has not been the case as of yet. *See United States v. Fry*, 2020 WL 1923218, at *1 (D. Minn. Apr. 21, 2020) (holding that to merit compassionate release, inmate "must show more than a mere speculation of the possibility of contracting the virus."). Additionally, there is no evidence in the record to suggest he has not been able to manage these conditions while in the prison environment. VanEmmerik is receiving

8

medical attention and treatment for these conditions, which all appear to be stable or controlled. *See* Docket 63 at 1, 5, 8, 16, 19, 101, 108, 112, 115, 159, 169, 174, 211. "Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release." *United States v. Ayon-Nunez*, 2020 WL 704785, at *3 (E.D. Cal. Feb. 12, 2020) (internal quotation omitted). Thus, the court finds that VanEmmerik does not satisfy the criteria under U.S.S.G. § 1B1.13 comment note 1(A) or U.S.S.G. § 1B1.13 comment note 1(D).

The court believes that VanEmmerik 's medical conditions are appropriately managed at FCI Sandstone, that the facility is engaged in strenuous efforts to protect inmates against the spread of COVID-19, and that it would act to treat any inmate who does contract COVID-19. Although the court in no way underestimates VanEmmerik's health conditions, such ailments, coupled with the present conditions at FCI Sandstone, do not establish extraordinary and compelling reasons justifying his early release.

Even assuming VanEmmerik 's medical conditions are "extraordinary and compelling reasons warrant[ing] such a reduction" under 18 U.S.C. § 3582(c)(1)(A)(i), the sentencing factors in § 3553(a) do not weigh in favor of a reduction. VanEmmerik pleaded guilty to distribution and receipt of child pornography. Dockets 33, 35. When searching his home, 4,000 images and 135 videos depicting child pornography were found within a computer, two hard drives, and a flash drive. Docket 42 ¶ 9. The defendant received several offense level increases due to the number of images in his possession, the age of the victims, the act of distribution, and the depiction of sexual abuse. *Id.* ¶¶

9

16-21. VanEmmerik's total offense level was a 34, and he was in criminal history category I. *Id.* ¶¶ 29, 33. His advisory guideline range was 151 to 188 months in custody. *Id.* ¶ 55. The offense carried a mandatory minimum sentence of 5 years. *Id.* ¶ 54. When sentencing VanEmmerik, the court factored in VanEmmerik's lack of criminal history and sentenced him below his guideline range to 97 months in custody. Docket 54 at 2. VanEmmerik has served approximately 34% of his full term and 40% of his statutory term. Docket 63 at 231. Therefore, the court finds that VanEmmerik's sentence of 97 months in custody with 5 years of supervised release continues to be appropriate for the seriousness of the crime to which he pleaded guilty.

## CONCLUSION

VanEmmerik has failed to satisfy the extraordinary and compelling reason standard. Thus, it is

ORDERED that defendant's motion for relief under the First Step Act (Docket 61) is denied.

Dated November 2, 2020.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE
