UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>ERIC JAMES VANEMMERIK,<br><br>                Defendant. | 4:16-CR-40130-01-KES<br><br>ORDER DENYING MOTION FOR RELIEF UNDER THE FIRST STEP ACT |

Defendant, Eric James VanEmmerik, moves for reconsideration of the court's order denying him compassionate release dated November 2, 2020 (Docket 74) and renews his request for relief under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 75. Plaintiff, the United States of America, opposes the motion. Docket 78. For the following reasons, the court denies VanEmmerik's request for compassionate release.

**BACKGROUND**

The background of VanEmmerik's case was set forth in the court's order dated November 2, 2020. Docket 74. To summarize, on March 15, 2018, VanEmmerik was sentenced to 97 months in custody for distribution and receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A), 2252A(b)(l), and 2256(8). Docket 54 at 2. VanEmmerik is incarcerated at Federal Correctional Institution (FCI) Sandstone in Sandstone, Minnesota. Docket 63 at 233. VanEmmerik is eligible for home confinement on April 22, 2024, and his current anticipated release date is October 22, 2024. Docket 63

at 230. VanEmmerik is 49 years old. Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last checked Mar. 17, 2021).

In support of his request for reconsideration, VanEmmerik urges the court to consider that FCI Sandstone has had a drastic increase in COVID-19 cases and that he tested positive for COVID-19 on December 22, 2020. Docket 75 at 1, 13-14; Docket 77 at 38. VanEmmerik argues the current circumstances at FCI Sandstone coupled with his medical conditions—obesity, hypertension, sleep apnea, and anxiety—warrant early release. Docket 75 at 1, 14.

The government opposes reconsideration, arguing that the court appropriately denied VanEmmerik's initial motion for release and he has failed to show "extraordinary and compelling reasons" for release. Docket 78 at 1-4. The government also asserts the court's previous balancing of the 3553(a) factors does not weigh in favor of VanEmmerik's release now. *Id.* at 4.

## DISCUSSION

As of March 17, 2021, there are currently no active COVID-19 cases among FCI Sandstone's inmates and six among staff. *See BOP: COVID-19 Update*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Mar. 17, 2021). There has been one inmate death reported from COVID-19 at FCI Sandstone, and 690 inmates have recovered as of March 17, 2021. *Id.* The total population at FCI Sandstone is currently 804 persons. *Id.* https://www.bop.gov/locations/institutions/sst/ (last visited Mar. 17, 2021). The reported information demonstrates the COVID-19 outbreak at FCI

2

Sandstone was widespread, but not devastating. This persuades the court that FCI Sandstone has acted appropriately to treat inmates who do contract COVID-19. The court believes the facility will continue to appropriately treat inmates who do so.

Recently, the Bureau of Prisons (BOP) has implemented a COVID-19 vaccination plan to protect inmates and staff and limit the transmission of COVID-19 within the facilities. *See BOP: COVID-19 Update*, https://www.bop.gov/coronavirus/ (last visited Mar. 17, 2021). As of March 17, 2021, 80,973 doses have been administered systemwide. *Id.* At FCI Sandstone, 104 staff and 96 inmates were fully inoculated as of March 17, 2021. *Learn More About Vaccinations and View Individual Facility Stats*, https://www.bop.gov/coronavirus/ (last visited Mar. 17, 2021). According to the BOP, those inmates who wish to receive the vaccine will have an opportunity to do so, but

> [w]hen an institution receives an allocation of the vaccine, it is first offered to full-time staff at that location, given that staff - who come and go between the facility and the community - present a higher potential vector for COVID-19 transmission. Vaccinating staff protects fellow staff, inmates at the facility, and the community.

*Id.*

VanEmmerik asserts that his positive COVID-19 diagnosis and his medical conditions coupled together warrant early release from custody. Docket 75 at 1, 13-14. However, the court addressed these arguments in the prior

order and its analysis remains the same, despite the new information that he has tested positive for COVID-19. VanEmmerik tested positive for COVID-19 after being exposed to another inmate who was positive. Docket 77 at 3. VanEmmerik was considered asymptomatic and placed in quarantine. *Id.* at 3, 35, 38. He had a runny nose, but no other symptoms or complaints. *Id.* at 1, 3. On January 4, 2021, VanEmmerik's course of COVID-19 was considered "resolved" by the BOP medical staff. *Id.* at 35.

These circumstances do not constitute "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A)(i), and the court had denied compassionate release motions under similar circumstances. *See, e.g., United States v. Brunston*, 4:18-CR-40145-01-KES, Docket 68 (D.S.D. May 26, 2020) (denying compassionate release to defendant with confirmed case of COVID-19); *United States v. Adame*, 4:18-CR-40117-05-KES, 2020 WL 7212096, at *4 (D.S.D. Dec. 7, 2020); (denying compassionate release to defendant with BMI of 33.8, asthma, anxiety, and positive case of COVID-19); *United States v. Odie,* 4:17-CR-40016-01-KES, Docket 214 (D.S.D. Jan. 26, 2021) (denying reconsideration of compassionate release for defendant with confirmed case of mild COVID-19); *United States v. Muhs*, 4:19-CR-40023-02-KES, Docket 362 (D.S.D. Feb. 12, 2021) (denying compassionate release to defendant with obesity and confirmed case of COVID-19).

The court detailed the governing law and analysis it uses when confronted with a compassionate release motion in its order dated November 2, 2020. Docket 74. For current purposes, it is sufficient to note that because

4

sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). But Congress made changes to the law through the First Step Act (FSA), which permit inmates in specified circumstances to file motions in the court where they were convicted seeking compassionate release. *See* Pub. L. No. 115-391, § 603(b)(1) 132 Stat. 5194, 5239 (2018). Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave custody early. 18 U.S.C. § 3582(c)(1)(A)(i). When considering whether to grant a motion for compassionate release the court must consider the 3553(a) sentencing factors and the applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

The court finds VanEmmerik's current circumstances do not clear the high bar necessary to warrant compassionate release for "extraordinary and compelling" reasons. In addition, the court's evaluation of the 3553(a) factors has not changed over the intervening months since VanEmmerik's initial motion for release was denied.

## CONCLUSION

VanEmmerik has failed to satisfy the extraordinary and compelling reason standard. Thus, it is

ORDERED that defendant's motion for reconsideration of the court's order denying compassionate release under the First Step Act (Docket 75) is denied.

Dated March 17, 2021.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE